UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL GURRIERI,

        Plaintiff,

  -against-

THE COUNTY OF SUFFOLK, NEW YORK;
COMMISSIONER EDWARD WEBBER;
SHERIFF VINCENT F. DEMARCO;
COMMISSIONER JAMES L.TOMARKEN, M.D.;
HUNTINGTON HOSPITAL ASSOCIATION;
SARALA K. REDDY, M.D.; SUFFOLK COUNTY
POLICE OFFICER ROBERT J. ROMEO, SHIELD
NO. 5025; SUFFOLK COUNTY POLICE OFFICER
MICHAEL ROSEN, SHIELD NO. 5563; SUFFOLK
COUNTY POLICE OFFICER JAMES L. MAGYAR,
III, SHIELD NO. 4759; SUFFOLK COUNTY
POLICE OFFICER ANN MARIE IATAURO,
SHIELD NO. 3869; SUFFOLK COUNTY
CORRECTIONS OFFICER MICHAEL WYNNE;
SUFFOLK COUNTY DEPARTMENT OF HEALTH
SERVICES PHYSICIAN VINCENT GERACI, D.O.;
SUFFOLK COUNTY CORRECTIONS OFFICER
CHARLES WAGNER, SHIELD NO. 1225; AND
JOHN AND JANE DOES 1-18,

        Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 12-4252

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAY 27 2014 ★

LONG ISLAND OFFICE

APPEARANCES:

Kreindler & Kreindler LLP
By: Robert J. Spragg, Esq.
    Francis G. Fleming, Esq.
    Megan Benett, Esq.
750 Third Ave, 32nd Fl.
New York, NY 10017
Attorneys for Plaintiffs

Bode & Grenier LLP
By: Peter C. Grenier, Esq.

1

Andre C. Gregorian, Esq.
1150 Connecticut Avenue, N.W., 9th Fl.
Washington, D.C. 20036
Attorneys for Plaintiff

Dennis M. Brown
Suffolk County Attorney
By: Susan A. Flynn, Esq.
H. Lee Dennison Building
P.O. Box 6100 100 Veterans Memorial Highway
Hauppauge, NY 11788-0099
Attorney for Defendants

WEXLER, District Judge:

Plaintiff Michael Gurrieri ("Gurrieri" or "Plaintiff") brings this action including federal civil rights claims pursuant to 42 U.S.C. § 1983, claims in violation of the New York State Constitution and under New York statutory and common law, including negligence, gross negligence and medical malpractice. The claims are brought against the County of Suffolk ("County"), Commissioner Edward Webber ("Webber"), Sheriff Vincent F. DeMarco ("DeMarco"), Commissioner James L. Tomarken, M.D. ("Tomarken"), Huntington Hospital Association ("Huntington Hospital"), Sarala K. Reddy, M.D. ("Reddy"), Suffolk County Police Officer Robert J. Romeo ("Romeo"), Suffolk County Police Officer Michael Rosen ("Rosen"), Suffolk County Police Officer James L. Magyar, III ("Magyar"), Suffolk County Police Officer Ann Marie Iatauro ("Iatauro"), Suffolk County Corrections Officer Michael Wynne ("Wynne"), Suffolk County Department of Health Services Physician Vincent Geraci, D.O. ("Geraci"), and Suffolk County Corrections Officer Charles Wagner ("Wagner") (collectively "Defendants"). Defendants Romeo, Rosen, Magyar and Iatauro (collectively "Police Officer Defendants") and Defendants Webber, DeMarco and Tomarken move to dismiss certain claims against them

pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(6). For the reasons stated below, the motions are denied, except that the claims against Defendants Webber, DeMarco and Tomarken in their official capacity are dismissed.

## BACKGROUND

The following relevant facts are taken from Plaintiff's First Amended Complaint ("Am. Cmplt."): On December 22, 2011, Plaintiff was arrested by Suffolk County Police Officer, Defendant Romeo, in connection with a domestic dispute complaint lodged by his girlfriend. Am Cmplt., ¶ 27. Prior to his arrest, Plaintiff ingested numerous pills and typed a suicide note. Am. Cmplt., ¶ 28. While at his home, while being transported to the police precinct, and once at the precinct, Plaintiff told the Suffolk County Police Officers, including Romeo, that he was contemplating suicide. Am. Cmplt., ¶ 29. While at the precinct, Plaintiff told several Suffolk County Police Officers that he wanted to kill himself, who laughed in response and refused to provide treatment. Am. Cmplt., ¶ 31.

The next morning, on December 23, 2011, Suffolk County Police Officer Defendant Rosen brought Plaintiff to Huntington Hospital ("Huntington" or "Hospital") to have his hand examined for an injury sustained just prior to his arrest. Am. Cmplt., ¶ 32. While at Huntington Hospital, Plaintiff told the medical staff of his intention to commit suicide and asked to see Dr. Sarala Reddy, a psychiatrist from whom Plaintiff had previously received treatment for bipolar disorder. Am. Cmplt., ¶ 33-34. Suffolk Police Officer Defendant Magyar had custody of Plaintiff while he was seen by Dr. Reddy. Am. Cmplt., ¶ 33. The staff at Huntington Hospital and Dr. Reddy did not admit Plaintiff. They deemed him "fit for confinement" and did not instruct the Suffolk County Police Department or anyone else that Plaintiff be placed on suicide

3

watch or housed in a special observation jail unit. Am. Cmplt., ¶ 34. Before being taken from the Hospital, Plaintiff told Defendant Magyar that he wanted to commit suicide but Magyar took no action. Defendant Magyar brought Plaintiff back to the precinct. Am. Cmplt., ¶ 35.

From the precinct, Suffolk County Police Officer Defendant Iatauro took Plaintiff to his arraignment. Plaintiff informed Iatauro while being transported that he was contemplating suicide, but no action was taken. Am. Cmplt., ¶ 36. Afterwards, officers of the Suffolk County Sheriff's office took Plaintiff to the Suffolk County Correctional Facility in Riverhead. Plaintiff told those officers of his intent to commit suicide but no action was taken. Am. Cmplt., ¶ 37. Due to his prior confinements in that jail, the Sheriff's Office and the Suffolk County Department of Health Services staff at Riverhead Jail were aware of Plaintiff's psychological history, and upon information and belief, were told he had attempted suicide on December 22, 2011 and that he told the Suffolk County Police Officers, Huntington Hospital and Dr. Reddy of his intention to commit suicide. Am. Cmplt., ¶ 39-40.

Once at Riverhead Jail, Plaintiff told the Sheriff's Office personnel and Suffolk County Department of Health Services personnel that he wanted to kill himself and asked for a referral to the medical health provider he had previously seen there. They laughed in response and told him to be quiet. Despite this, neither Sheriff's Office personnel, nor Suffolk County Department of Health personnel, put Plaintiff on suicide watch and incarcerated him with the general jail population. Am. Cmplt., ¶ 41-42. Plaintiff continued to tell Sheriff's Office personnel and Department of Health personnel that he wanted to kill himself, but they took no action, nor did they provide Plaintiff with the medication he had been prescribed for his bipolar disorder while he was held in jail on December 23 and 24, 2011. Am. Cmplt., ¶ 43-44.

On December 24, 2011, Plaintiff attempted to commit suicide by jumping off the second level mezzanine of one of the pods of the jail. Am. Cmplt., ¶ 45. Plaintiff hit the concrete floor head first, and suffered a spinal cord fracture, multiple fractures of the vertebrae in his neck and back and a severe brain injury. Am. Cmplt., ¶ 46. Plaintiff is now permanently paralyzed from the waist down. Am. Cmplt., ¶ 47.

Plaintiff's amended complaint alleges eight claims, including claims for violations of Plaintiff's 14th Amendment rights pursuant to 42 U.S.C. § 1983 against all the individual defendants, a Monell claim under 42 U.S.C. § 1983 against Suffolk County and Defendants Commissioner Webber (of the Suffolk County Police Department), Sheriff DeMarco (the Suffolk County Sheriff) and Commissioner Tomarken (of the Suffolk County Department of Health Services) in their official capacities, a claim for a violation of Plaintiff's due process rights under the New York State Constitution, negligence, gross negligence against all defendants, and medical malpractice against Dr. Reddy and Huntington Hospital.

Certain Defendants move to dismiss. Namely, the Suffolk County Police Officer Defendants – Romeo, Rosen, Magyar and Iatauro – argue that Plaintiff fails to state a claim that they were deliberately indifferent to Plaintiff's medical needs or negligent, and that they are entitled to qualified immunity. Defendants Webber, DeMarco and Tomarken argue that Plaintiff fails to allege the personal involvement required to hold them individually liable under 42 U.S.C. § 1983, and that the claims against them in their official capacity are duplicative of the claims against the County and therefore should be dismissed. For the reasons that follow, Defendants' motion is denied, except as to the claims against Webber, DeMarco and Tomarken in their official capacities.

## DISCUSSION

I. <u>Legal Principles</u>

    A.    <u>Standards on Motion to Dismiss</u>

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true, and draw all reasonable inferences in favor of Plaintiff. <u>Bold Electric, Inc. v. City of New York</u>, 53 F.3d 465, 469 (2d Cir. 1995). In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," <u>id</u>. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570; <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Although heightened factual pleading is not the new standard, <u>Twombley</u> holds that a "formulaic recitation of cause of action's elements will not do... Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombley</u>, at 555. A pleading need not contain "'detailed factual allegations,'" but must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, at 678, quoting <u>Twombley</u>, at 555, 127 S.Ct. 1955 (other citations omitted). Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, at 679. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

6

II. Motion to Dismiss by the Police Officer Defendants

Defendant Police Officers Romeo, Rosen, Magyar and Iatauro move to dismiss, arguing that they did what they were required to do -- namely take Plaintiff to be seen by a mental health professional -- and therefore they did not act with deliberate indifference to his medical needs or with negligence. They also argue they are entitled to qualified immunity. See Defendants' Memorandum of Law, at 1-5. According to Plaintiff's complaint, the Police Officer Defendants ignored Plaintiff's allegedly persistent claims of suicidal intentions from the time of his arrest, through the time he was held in the precinct, through the time he was taken to Huntington Hospital for a hand injury and discharged on December 23, 2011, and through his arraignment.[1] Plaintiff's complaint alleges to that once he was at the Riverhead Jail,[2] the Sheriff's Office and the Suffolk County Department of Health Office personnel, despite knowing his psychological history, failed to place him on suicide watch, placed him with the general jail population and did not provide him his medication. Am. Cmplt., ¶ 37-45. Plaintiff also argues that Dr. Reddy and/or Huntington Hospital's claim that Plaintiff was "fit for confinement" was unclear, and does not indicate what, if any, guidance was provided regarding how to treat, handle or confine Plaintiff following his release from Huntington. Plaintiff jumped from the mezzanine on December 24, 2011. Am Cmplt., ¶ 27-45.

1. Claim of Deliberate Indifference and Negligence

To state a claim for deliberate indifference to a medial need, Plaintiff must show that the

---

[1] The amended complaint does not specify the exact time any of the events occurred.

[2] According to the amended complaint, the Suffolk County Sheriff's Office took custody of Plaintiff from the arraignment and transported him to Riverhead Jail. Am. Cmplt., ¶ 37.

7

official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Caiozzo v. Koreman, 581 F.3d 63, 66 (2d Cir. 2009) (acknowledging the Farmer elements and holding that a subjective standard is to be applied in Fourteenth Amendment deliberate indifference claims brought by pretrial detainees in state custody). The Court must accept Plaintiff's allegations as true – namely, that the Police Officer Defendants ignored Plaintiff's claims that he wanted to commit suicide throughout the following events: when they first arrested him on December 22, 2011 and learned he had ingested a dangerous amount of pills and written a suicide note, throughout the period of time they had him at the precinct, while they transported him to the hospital for his hand injury on the morning of December 23, 2011, upon his discharge from the hospital, and while being transported to and during his arraignment, until such time as the Sheriff's Office took custody of him. The Court finds that these allegations adequately plead a claim for deliberate indifference to Plaintiff's medical needs, as well as for negligence. Therefore, Defendants' motion to dismiss these claims against Defendants Romeo, Rosen, Magyar and Iatauro is denied.

2. Qualified Immunity

The Police Officer Defendants also argue that the they are protected by qualified immunity and therefore the claims against them should be dismissed. A "police officer is entitled to qualified immunity where '(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act.'" Jenkins v. City of New York, 478 F.3d 76, 87 (2d Cir. 2007), quoting Cerrone

v. Brown, 246 F.3d 194, 199 (2d Cir. 2001).

Plaintiff's complaint alleges that the Defendants violated his constitutional rights to "personal security and protection under the Fourteenth Amendment" by failing to adequately protect and treat plaintiff while he was in Defendants' custody and control. Am. Cmplt., ¶ 51, 59, 69. Defendants stress that they are entitled to qualified immunity since they did bring Plaintiff to a mental health professional, and that there is no constitutional right to see a mental health professional "each and every time he expresses suicidal thoughts." See Defendants' Reply Memorandum of Law, at 2. Yet, the thrust of Plaintiff's claims against these Defendants is that they violated his rights from the time of his arrest, before he was taken to Huntington Hospital, after he left the hospital, and through and following his arraignment, at which time the Sheriff's Office took custody of him.

On this motion to dismiss, the Court looks to the facts alleged in Plaintiff's complaint. Plaintiff's version of the facts is presumed to be true, and "the question to be answered is whether the defendant officer, confronted with the facts as alleged by plaintiff, could reasonably have believed that his actions did not violate some settled constitutional right." 5 Borough Pawn, LLC v. City of New York, 640 F.Supp.2d 268, 285 (S.D.N.Y. 2009), citing Stephenson v. Doe, 332 F.3d 68 (2d Cir. 2003) and Kelsey v. The County of Schoharie, 567 F.3d 54, 60–61 (2d Cir. 2009). Accepting Plaintiff's facts as true and without more factual development, the Court is unable to find that the Defendants acted in an objectively reasonable manner as a matter of law. See Biswas v. City of New York, 973 F.Supp.2d 504, 521 (S.D.N.Y. 2013) (motion to dismiss is too early to determine if the officers were objectively reasonably as a matter of law to benefit from qualified immunity). Therefore Defendants' motion to dismiss on this basis is denied.

III. Motion to Dismiss by the Supervisor Defendants

1. Individual Claims Under § 1983

It is well-settled in this Circuit that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Houston v. Nassau County, 2012 WL 729352, *5 (E.D.N.Y. 2012), citing McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir.1977); see Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1987). Merely being a supervisor of one of the actors is not sufficient. Leshore v. Commissioner of Long Beach P.D., 2012 WL 1032643, *6 (E.D.N.Y. 2012). "The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995), citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Williams v. Smith, 781 F.2d 319, 323–24 (2d Cir.1986)); see also Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013) (outlining Colon factors); Corbett v. City of New York, 2013 WL 5366397, *18 (E.D.N.Y. 2013).

In his complaint, Plaintiff alleges Defendants Webber, Demarco and Tomarken[3] "knew

---

[3]At the relevant times of the complaint, Defendant Webber was the Commissioner of the Suffolk County Police Department, Defendant DeMarco was the Sheriff of the Suffolk County Sheriff's Office, and Defendant Tomarken was the Commissioner of the Suffolk County

10

and approved of the practices" of the other Defendants who allegedly violated Plaintiff's rights. See First, Second and Third Causes of Action of Am. Cmplt; ¶ 54, 63, 72. The Complaint further alleges that the constitutional violations resulted from the "longstanding customs, policies and practices" of Defendants Webber, DeMarco and Tomarken in their official capacities. Fourth Cause of Action of Am. Cmplt., ¶ 81 & 82.

The Second Circuit has stated that a supervisory defendant may be liable under § 1983 when "the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom." Colon, 58 F.3d at 873. See Scott v. Fisher, 616 F.3d 100, 110 (2d Cir. 2010) (a supervisor may be liable under section 1983 for creating a policy or custom under which unconstitutional practices occurred, or by allowing such a policy or custom to continue); Pratt v. Bloomberg, 2012 WL 1358770, *2 (S.D.N.Y. 2012). Accepting the factual allegations of Plaintiff's complaint as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff sufficiently alleges involvement by these Defendants under the Colon factors. The trial of this matter will determine whether these Defendants either created or continued policies that violated Plaintiff's constitutional rights. At this time, Defendants' motion to dismiss the claims against Defendants Webber, DeMarco and Tomarken is denied, without prejudice to renew at the time of trial.

2. Claims in their Offical Capacity

Defendants Webber, DeMarco and Tomarken also move to dismiss the claims against them in their official capacity. The Court finds these claims are duplicative of Plaintiff's claims against the County, and are therefore dismissed. See Bristol v. Queens County, 2013 WL

---

Department of Health Services. Am. Cmplt., ¶ 6-8.

1121264, *6 (E.D.N.Y. 2013) (plaintiff's claims against County defendants in their official capacities fail since such claims are duplicative of the claims asserted against the County), citing Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (holding that suit against those in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent") (other citations omitted).

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss claims against Defendants Romeo, Rosen, Magyar and Iatauro is denied; the motion to dismiss claims against Defendants Webber, DeMarco and Tomarken in their individual capacities is also denied; and the motion to dismiss claims against Defendants Webber, DeMarco and Tomarken in their official capacities is granted.

SO ORDERED.

                                        s/ Leonard D. Wexler
                                        LEONARD D. WEXLER
                                        UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 27, 2014