FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 09 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL GURRIERI,

        Plaintiff,

  -against-

THE COUNTY OF SUFFOLK, NEW YORK;
COMMISSIONER EDWARD WEBBER;
SHERIFF VINCENT F. DEMARCO;
COMMISSIONER JAMES L. TOMARKEN, M.D.;
HUNTINGTON HOSPITAL ASSOCIATION;
SARALA K. REDDY, M.D.; SUFFOLK COUNTY
POLICE OFFICER ROBERT J. ROMEO, SHIELD
NO. 5025; SUFFOLK COUNTY POLICE OFFICER
MICHAEL ROSEN, SHIELD NO. 5563; SUFFOLK
COUNTY POLICE OFFICER JAMES L. MAGYAR,
III, SHIELD NO. 4759; SUFFOLK COUNTY
POLICE OFFICER ANN MARIE IATAURO,
SHIELD NO. 3869; SUFFOLK COUNTY
CORRECTIONS OFFICER MICHAEL WYNNE;
SUFFOLK COUNTY DEPARTMENT OF HEALTH
SERVICES PHYSICIAN VINCENT GERACI, D.O.;
SUFFOLK COUNTY CORRECTIONS OFFICER
CHARLES WAGNER, SHIELD NO. 1225; AND
JOHN AND JANE DOES 1-18,

        Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 12-4252

(Wexler, J.)

APPEARANCES:

Kreindler & Kreindler LLP
By: Robert J. Spragg, Esq.
    Francis G. Fleming, Esq.
    Megan Benett, Esq.
750 Third Ave, 32nd Fl.
New York, NY 10017
Attorneys for Plaintiffs

Bode & Grenier LLP
By: Peter C. Grenier, Esq.

1

Andre C. Gregorian, Esq.
1150 Connecticut Avenue, N.W., 9th Fl.
Washington, D.C. 20036
Attorneys for Plaintiff

Dennis M. Brown
Suffolk County Attorney
By: Susan A. Flynn, Esq.
H. Lee Dennison Building
P.O. Box 6100 100 Veterans Memorial Highway
Hauppauge, NY 11788-0099
Attorney for Defendants

WEXLER, District Judge:

Before the Court is the motion of all defendants, including Dr. Sarala Reddy and Huntington Hospital ("Medical Malpractice Defendants") and the employees of Suffolk County ("County Defendants") under Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 60(b) to set aside an order of this Court concerning the trial of this matter, scheduled for February 23, 2015. For the reasons stated below, the motion is denied.

## BACKGROUND

For the ease of discussion, the Court provides the following summary of the facts, as alleged in Plaintiff's First Amended Complaint: on December 22, 2011, Plaintiff was arrested by the Suffolk County Police in connection with a domestic dispute complaint lodged by his girlfriend. Plaintiff alleges that while being transported to the police precinct, he told the Suffolk County police officers that he was contemplating suicide.

The next morning the Suffolk County Police took Plaintiff to Huntington Hospital to have his hand examined for an injury sustained just prior to his arrest, and while there, he told the medical staff of his intention to commit suicide and asked to see Dr. Sarala Reddy, a psychiatrist

2

from whom Plaintiff had previously received treatment for bipolar disorder. The staff at Huntington Hospital and Dr. Reddy did not admit Plaintiff. He was deemed "fit for confinement" and released to the Suffolk County Police, who then took Plaintiff to his arraignment. From his arraignment, officers of the Suffolk County Sheriff's office took Plaintiff to the Suffolk County Correctional Facility in Riverhead. Plaintiff alleges that he told the various officers of his intent to commit suicide but no action was taken.

Once at Riverhead Jail, Plaintiff alleges he told the Sheriff's Office personnel and Suffolk County Department of Health Services that he wanted to kill himself but that Sheriff's Office personnel, nor Suffolk County Department of Health personnel, put Plaintiff on suicide watch and instead incarcerated him with the general jail population. He further alleges that they did not provide Plaintiff with the medication he had been prescribed for his bipolar disorder while he was held in jail on December 23 and 24, 2011.

On December 24, 2011, Plaintiff attempted to commit suicide by jumping off the second level mezzanine of one of the pods of the jail. Plaintiff hit the concrete floor head first, and suffered a spinal cord fracture, multiple fractures of the vertebrae in his neck and back and a severe brain injury, leaving him permanently paralyzed from the waist down.

At this juncture of the case, Plaintiff's case consists of claims of medical malpractice against Dr. Reddy and Huntington Hospital, and claims under 42 U.S.C. § 1983 and state law for negligence and violation of the New York State Constitution against the County Defendants. On October 24, 2014, following a hearing on Huntington Hospital's motion for summary judgment and a conference with counsel, the following order was entered on the docket regarding the manner in which this case would be tried:

> The Court directs that the claims in this case will be tried in the following manner: liability on the medical malpractice claim against Dr. Reddy and whether Huntington Hospital is liable under an agency theory will be tried first; the remaining claims against the remaining defendants will be tried immediately thereafter; followed immediately by a trial on damages, if necessary. All claims will be tried consecutively in the manner outlined here, by the same jury. So Ordered by Judge Leonard D. Wexler.

See docket entry of October 24, 2014.

All Defendants bring this motion, under Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 60(b) to vacate that order. Plaintiff opposes. For the following reasons, Defendant's motion is denied.

## DISCUSSION

Fed.R.Civ.P., Rule 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Accordingly, the Court is granted discretion is crafting how issues are to be tried. Oorah, Inc. v. Schick, 552 Fed.Appx. 20, 23 (2d Cir. 2014); see also Dallal v. New York Times Co., 352 Fed.Appx. 508, 512 (2d Cir. 2009) (citations omitted) (trial court's discretion to manage trial and bifurcate affirmed, and no need for redundant evidence where same jury hears each phase).

This case includes numerous claims against various Defendants for events that occurred over the course of time from December 22 to December 24. The different claims warrant different jury instructions for each category of Defendant, yet because of the time line of events, the liability of one is possibly affected by the conduct of the other Defendants. As noted above, Plaintiff has claims under § 1983 against the Suffolk County Police Officers who arrested

4

Plaintiff and transported him to Huntington Hospital and then to his arraignment, and according to Plaintiff, ignored his persistent threats that he was suicidal. Plaintiff also has medical malpractice claims against Dr Reddy and Huntington Hospital for treatment Plaintiff received there, and finally, has claims under § 1983 and state law claims for negligence for his treatment and confinement at the Suffolk County Correctional Facility, who Plaintiff complains also ignored his claims of suicidal ideations and failed to properly medicate him or house him properly. The various Defendants have cross-claims against each other.

In an effort to avoid confusion to the jury, the Court directed that the same jury hear all the issues, but that the jury will focus its attention at one issue at a time. The jury will be instructed on the law and return a verdict sheet for only the claims during that particular phase. This is intended to minimize confusion for the jury and permits them to focus on different claims against different categories of Defendants one at a time. That one jury is hearing all the testimony and deciding all the fact issues minimizes any prejudice to any of the parties.

Defendants' chief complaint appears to be that various witnesses will have to testify at the different phases on the trial, which will duplicate testimony and make the trial less efficient. Since the same jury will hear all of the testimony, the Court does not see the need for duplication of testimony, and more importantly, finds that clarity for the jury, achieved by presenting related issues one at a time, is more effectively achieved through the process directed and is paramount to possible duplication of testimony or inconvenience to witnesses.

## CONCLUSION

Defendants' motion to vacate the Court's order of October 24, 2014 is denied. The Clerk of the Court is directed to terminate the motions at docket entries 96, 99 and 100. Counsel is

5

directed to appear for a pre-trial conference on February 11, 2015 at 10:30am. Furthermore, Plaintiff is directed to submit a proposed order to the Court containing an amended caption to reflect the parties currently remaining in the case within one week of this Order.

SO ORDERED.

                                                  s/ Leonard D. Wexler
                                     LEONARD D. WEXLER
                                     UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        February 9, 2015